**E-FILED on** 11/09/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHNNY CHAWI, et al.,<br><br>        Defendants. | No. CR-89-20012 RMW<br><br>ORDER GRANTING EX PARTE MOTION TO ALLOW REVIEW OF RECORDS UNDER SEAL |

The requesting parties, Regent Arco #2, Paul Ajlouny and Vivian Ajlouny are plaintiffs and cross-defendants in an action in California state court entitled *Ajlouny v. Chawi, et al.*, Sacramento County Superior court Case No. 04-AS-00861. Johnny Chawi, one of the defendants in the above-captioned criminal case, Case No. CR-89-20012, is a defendant and cross-complainant in that action.

On October 14, 1992, a judgment in the criminal matter was entered by the court against Johnny Chawi. There were no appeals. Because the case ended approximately fifteen years ago, the requesting parties assert that they are entitled to review the above referenced file pursuant to Northern District of California Civil Local Rule ("Civil LR") 79-5(f), which provides in relevant part, "Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed."

Requesting parties assert that Civil LR 79-5(f), made generally applicable to criminal matters by Crim LR 55-1(b),[1] requires that sealed documents in criminal cases must be open to public inspection after ten years. Although the court's operations manual apparently suggests that both civil and criminal records filed under seal may be unsealed for public inspection after ten years, the court is reluctant to permit such review without notice in criminal matters. After receiving instructions to do so by the clerk's office, the requesting parties on November 6, 2007 filed a noticed *ex parte* motion asking the court to allow review of records pertaining to Johnny Chawi that were filed under seal in the criminal case. Chawi opposes that motion.

Although Crim LR 55-1(b) makes all provisions of Civil LR 79-5 except subsection (e) applicable to documents under seal in criminal cases, the court does not read Civil LR 79-5(f) as operating to automatically permit public access to sealed criminal documents after 10 years in criminal cases. Subsection (f) of the civil local rule specifically states that "[a]ny document filed under seal in a *civil* case shall be open to public inspection without any further action by the Court"; the other sections of 79-5 do not specify civil versus criminal cases. Thus, the court views this instruction as being applicable to civil cases alone.

Analyzing determinations to unseal records, the Ninth Circuit starts with a strong presumption in favor of access to court records in both civil and criminal actions, but this presumption can be overridden given sufficiently compelling reasons for doing so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Here, the state case involves claims relating to the business relationship between the requesting parties, specifically, a partnership dispute regarding a gas station and check cashing business. In response to claims for conversion/misappropriation of partnership funds, fraud, request for an accounting and the creation of a constructive trusts, requesting parties contend that Johnny Chawi has asserted that the gas station business made no money, in spite of evidence that Chawi owns a 6,000 sq. ft. home in a gated community and has purchased other residential and commercial properties since starting his

---

[1] Crim LR 55-1(b) states, "Except for Civil L.R. 79-5(e), all other provisions of Civil L.R. 79-5 apply to the filing of documents under seal in criminal cases."

**United States District Court**
For the Northern District of California

1  work with the business in 1989.[2] Chawi disputes requesting parties' characterization of his position,

2  asserting that he has never stated that the business relationship made no money and that requesting

3  parties are merely on a fishing expedition for information to discredit him. Chawi also asserts that

4  the above-captioned criminal matter was not related to the present state court action, rather

5  concerned criminal activities involving the requesting parties' former business partners, after which

6  they continued doing business with Chawis.

7      The requesting parties seek access to portions of the sealed records pertaining to Chawi's

8  application to have counsel appointed to him in the criminal matter. Chawi's opposition does not

9  demonstrate that a "compelling reason" exists to keep the requested information sealed.

10     Accordingly, after reviewing the sealed materials, the court shall permit counsel to review

11  the following records under seal: Johnny Chawi's Financial Affidavit, Document No. 83 and the

12  court's order setting forth findings of fact regarding Chawi's eligibility for appointment of counsel,

13  Docket No. 89. In its review of the sealed materials in this case, the court noted that the file contain

14  a taped transcript of a court hearing. Index numbers 3298 - 5386 reflect that the tapes contain

15  testimony by Johnny Chawli. If requesting parties wish to review this portion of the file, counsel

16  must make arrangements with the clerk of the court to have the relevant portions of the transcript

17  transcribed. The court will have to review the transcription prior to its release to the requesting

18  parties to ensure that the transcript only covers proceedings as to Chawli. It will also redact any

19  information, such as that pertaining to names of family members, account numbers or specific asset

20  locations.

21     A copy of this order and Document No. 83 and 89 shall be transmitted to requesting parties'

22  and Johnny Chawi's current counsel via facsimile. The parties' counsel shall also be permitted to

23  review these two documents in person at the federal courthouse at 280 South First Street in San Jose,

24  if necessary, and, if desired, make the arrangements regarding the hearing tapes set forth above.

25

26  DATED:     11/09/07                   /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
27                                        United States District Judge

28

---

[2] The court expresses no opinion as to the validity of either party's contentions.

ORDER GRANTING EX PARTE MOTION TO ALLOW REVIEW OF RECORDS UNDER SEAL—No. CR-89-20012 RMW
MAG                                      3

**A copy of this order was mailed on**    **11/09/07**    **to:**

**Counsel for Requesting Parties:**

Victoria Booke
Fahme & Booke LLP
606 North First Street
San Jose, California 95112

**Counsel for Defendant:**

Stephen Beede
BPE Law Group, Inc.
11140 Fair Oaks Blvd, Suite 300
Fair Oaks, California 95628

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:**    11/09/07              /s/ MAG
                                                       **Chambers of Judge Whyte**